IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS
No. 12-523V
Filed: June 26, 2014

FILED
JUN 2 6 2014
U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * * * *
DAVID BISHOP and DEBORAH  *
BISHOP, as parents and natural  *
guardians of E.B., a minor,  *
    Petitioners,  *  Litigation Costs
v.  *
  *
SECRETARY OF HEALTH  *
AND HUMAN SERVICES,  *
    Respondent.  *
* * * * * * * * * * * * * * * * * * * * * * *

*David and Deborah Bishop*, pro se petitioners.
*Justine Daigneault, Esq.*, US Department of Justice, Washington, DC for respondent.

**DECISION ON LITIGATION COSTS**[1]

**Vowell,** Chief Special Master:

  In this case under the National Vaccine Injury Compensation Program,[2] I issued an order concluding proceedings on February 4, 2014 pursuing to a joint stipulation of dismissal filed by the parties on January 29, 2014. On June 24, 2014, respondent filed a stipulation of fact concerning petitioners' litigation costs. The stipulation indicates that respondent raised objections to certain items in petitioners' application and after informal discussions, petitioners have agreed to accept $7,997.73 as compensation for all litigation costs, an amount to which respondent does not object.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006).

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, I hereby award the total $7,997.73[3] in the form of a check payable to pro se petitioners, David and Deborah Bishop, for their personal litigation costs.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

_Denise K. Vowell_
**Denise K. Vowell**
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).